**Roy Charles WILLIAMS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15021.**

Court of Criminal Appeals of Oklahoma.

May 20, 1970.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Grayson P. Van Horn, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge.

Roy Charles Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary in the Second Degree After Former Conviction of a Felony on the 18th day of March, 1965; his punishment was fixed at seven years in the state penitentiary; and he was granted a post conviction appeal.

The evidence adduced on the trial revealed that on the 8th day of August, 1964, police officers went to 50th and North May in Oklahoma City, where upon arriving they found that the back and front doors of Kimberling's IGA had been broken into. Upon entering the building, they found the defendant crouched behind a cooler, wearing a pair of gloves. He was advised that he was under arrest and was asked by Officer Yandell what he was doing in the store, to which he answered, "stealing, I reckon." Also apprehended inside the premises was one Hiawatha Moore, who testified on behalf of the defendant at the trial that on the evening of

the burglary, while riding in defendant's vehicle, they developed tire trouble near the IGA store. He testified that while defendant was changing the tire, he went to the building, examined it, finding no evidence of burglary alarm systems. He returned to the defendant's car where he took two tire tools and screw drivers from the car and returned to the grocery store, gained entry by breaking into the front door, and later breaking open the back door as a means of escape should someone enter the front. He had rifled the contents of some of the cash registers when he observed the defendant on the street. He knocked on the glass and beckoned the defendant to come to the rear door of the store where he sought to entice the defendant to enter the store where there were plenty of cigarettes, merchandise and money. This witness testified that the defendant refused to participate, demanded his car keys and at that time a police car approached the building, whereupon he (Moore) pulled the defendant inside the building and the defendant sought to leave the premises but was knocked near a freezer by the door which the officers opened. This witness admitted that he had pled guilty to the crime of Burglary, but denied that the defendant had either helped plan it or had participated in it.

The defendant, an ex-convict, having been twice previously convicted for felonies, testified to essentially the same facts as did Moore. He denied admitting giving the answer, "stealing, I reckon", when asked what he was doing inside the building, but testified that after being handcuffed and tripped, an officer whom he could not identify, placed a loaded pistol to his head and asked him if he wasn't there to steal and the defendant testified he was so frightened that he answered in the affirmative. The defendant specifically denied wearing gloves at the time of his arrest.

During cross-examination of Officer Yandell to whom the defendant had alleg-

edly made the admission, Yandell testified that neither he, nor anyone in his presence, had ever placed a cocked pistol to the defendant's head or used any force to secure the admission.

■ Counsel for defendant urges on appeal that the admission, "stealing, I reckon" made by the defendant while under arrest, was inadmissible and that its introduction into evidence constituted reversible error under the rule enunciated in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). While we are of the opinion that this assignment of error has not been properly preserved for review on appeal, we observe that in *Escobedo* the defendant requested and was refused the privilege of consulting with counsel; counsel sought to advise with the accused but the questioning continued. In the instant case the question asked was a spontaneous one, as was the answer, and logically arose from the peculiar circumstances of the case. There certainly was no request or denial of the assistance of counsel and we are of the opinion that the ruling enunciated in *Escobedo* was not applicable. *Miranda*, of course, was not delivered by the Supreme Court of the United States until 1966, and was not retroactive in its application and therefore has no bearing on the instant case. Counsel for defense was at the time of trial an experienced attorney and elected not to present evidence in an attempt to suppress the admission, outside the presence of the jury, in order that the court be given an opportunity to rule on its admissibility prior to its introduction into evidence.[1] But instead elected not to object to the testimony relating to the admission at the time of its introduction, nor move to exclude the same, thus laying the predicate for the defendant's testimony that the admission was coerced from him at gunpoint. This trial tactic left the voluntary nature of the admission for the de-

1. Counsel for defense was undoubedly aware of the decision of the United States Supreme Court in *Escobedo*, and also felt it had no application.

termination of the jury under proper instructions, and the court gave a proper instruction, No. 8, setting forth the law as it existed at that time. Instruction No. 8 reads:

"You are instructed that the State has offered testimony relating to certain alleged statements, in the nature of admissions, made by the defendant after his arrest and while he was in custody, and if you find and believe from the evidence that such statements, in the nature of admissions, were freely and voluntarily made by the defendant, then you may take such statments, in the nature of admissions, into consideration with all the other facts and circumstances proven in the case, and they should be given such weight and credit as you may think them entitled to receive. But if you find that there was any inducement held out to the defendant or threats or violence offered to the defendant to procure from him said statements, in the nature of admissions, and he acting under such inducements or threats did make said statements, in the nature of admissions, or if the same were involuntarily made, then you should not consider such statements, in the nature of admissions, if you find they were made, in arriving at your verdict.

For statements in the nature of admissions, to be competent for your consideration, they must be freely and voluntarily made, and if not so given then you should disregard them.

A 'voluntary admission' is one made by an accused freely and voluntarily, without duress, fear or compulsion and its inducement, and with full knowledge of the nature and consequences of the admission.

The fact that statements, in the nature of admissions, may have been elicited by questions propounded to the defendant does not, by reason of that fact, make them incompetent for your consideration. It is not necessary that statements be spontaneous, that is, to proceed wholly from the suggestion of the defendant. You are further instructed that should you find from the evidence that the statements, in the nature of admissions, were made by the defendant, and were made freely and voluntarily within the provisions of the law set out herein, then you are instructed that admissions alone do not warrant a conviction, unless they are corroborated by independent evidence of the substantial and fundamental fact or facts necessary for the commission of the offense charged, by the person charged with having committed it, and unless you find that the said admissions, if made, are corroborated as aforesaid, then you shall disregard them.

The word 'corroborate' means to make certain; to confirm; to make stronger."

That counsel for defendant was satisfied with the admissibility of the admission and the jury's determination thereof under proper instructions, is reflected by his failure to specifically raise any issue concerning its admission in the Motion for New Trial; hence, not preserving anything for review on appeal, for we have repeatedly held that errors to which objections are not interposed, with exceptions taken to the ruling of the court, raised in the Motion for New Trial, does not preserve any issue for review on appeal.

█ As a further assignment of error, defendant contends that prejudicial error requiring reversal was committed by the Assistant County Attorney in his closing remarks to the jury in two instances. We have carefully examined the remarks complained of and find that they are not of such character as to require reversal in view of the obvious guilt of defendant; however, to the extent that the reference to the defendant as being a "state-wide operator" (obviously referring to his two prior convictions), may have influenced the jury in imposing a greater punishment. We feel that the ends of justice would best be served by a modification of the judgment and sentence imposed from a term of

seven (7) years imprisonment, to a term of four (4) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence appealed from is

Affirmed.

Since defendant's other assignment of error does not possess sufficient merit, it will not be discussed in this opinion. Judgment and sentence modified from a term of seven years imprisonment to a term of four years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT, P. J., and NIX, J., concur.